17

ORIGINAL


EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE No. 11-20699 |
| Plaintiff, | HON. Nancy G. Edmunds |
| -vs- | OFFENSE(S): 21 U.S.C. §§ 841(a); 841(b)(1)(A)(ii)(II); 846 |
| D-13 DAVID FELIX JURADO | MAXIMUM PENALTY: 10 year mandatory minimum - life imprisonment |
| Defendant. | MAXIMUM FINE: $10,000,000 |
| _____/ | |


FILED
OCT 07 2013
CLERK'S OFFICE
DETROIT

**RULE 11 PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant DAVID FELIX JURADO and the government agree as follows:

1. **GUILTY PLEA**

    A. **Count of Conviction**

    Defendant will enter a plea of guilty to **Count Three** of the Second Superseding Indictment, which charges Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances, to wit: Cocaine and Marijuana.

B.  **Elements of the Offense**

The elements of Count Three are:

1.  That within the time-frame alleged in the indictment, the defendant agreed with at least one other person to commit the crime of possessing a controlled substance with the intent to distribute; and

2.  That the defendant did so knowingly, intentionally.

C.  **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea: That, within the time-frame alleged in the indictment, specifically between 2008 – February 2012, the defendant conspired with other co-defendants, including but not limited to Alejandro Vargas, Antonio Simmons, and others, to possess with the intent to distribute controlled substances, specifically cocaine and marijuana. It was part of the overall agreement that the defendant would receive large amounts of kilogram-sized packages of cocaine and pound-sized packages of marijuana for further distribution. The parties stipulate that the conspiracy involved in excess of one hundred fifty kilograms of cocaine and 30,000 kilograms of

marijuana as reflected in the attached worksheets. The defendant entered into this agreement with full knowledge and intent to possess with the intent to distribute the controlled substances.

2.  **SENTENCING GUIDELINES**

   A.  **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B.  **Agreed Guideline Range**

   There are no sentencing guideline disputes. The parties agree that **a statutory mandatory minimum term of imprisonment of 10 years** is applicable to this case. The parties further agree that the applicable guideline range is **168-210 months**, unless safety valve applies at which time the applicable guidelines would be **135-168 months**, as set forth on the attached worksheets. If the Court finds:

   a)  that defendant's criminal history category is higher than reflected on the attached worksheets, or

   b)  that the offense level should be higher because, after pleading guilty, defendant made any false statement to or

withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime, and if any such finding results in a guideline range higher than **168-210 months**, or **135 - 168 months** if the safety value applies, the higher guideline range becomes the range recommended by defendant and government. The Court is not bound by this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than the bottom of the sentencing guideline range as determined by Paragraph 2B.

B. **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release on Count Three of no less than **five years**, unless the Court finds that the safety valve is applicable. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment which results from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. **Fine**

There is no agreement as to fines.

### E. **Restitution**

Restitution is not applicable to this case.

### 4. FORFEITURE

As part of this agreement, pursuant to 21 U.S.C. § 853, the defendant agrees to forfeit his interest to the United States in the following:

(a) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count Three of the Second Superseding Indictment;

(b) any property, real or personal, involved in the commission of violations of Title 21, United States Code, Sections 841 and 846, as alleged in Count Three of the Second Superseding Indictment; and/or

(c) a money judgment, and all traceable interest and proceeds which sum in aggregate is property representing the proceeds of the aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title 21, United States Code, Sections 841 and

846, as alleged in Count Three of the Second Superseding Indictment (collectively, "Subject Property").

Defendant agrees to the entry of a Stipulated Preliminary Order of Forfeiture, at or after the time his guilty plea is entered, with regard to any forfeiture money judgment and any property identified for forfeiture before sentencing.

Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature or form, in any asset, including real and personal property, cash, and other monetary instruments, wherever located, which Defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance includes Defendant's agreement not to transfer or encumber any property subject to forfeiture, or to assist any persons in making a claim to any property to be forfeited to the United States.

<u>Substitute Assets</u>: Pursuant to 21 U.S.C. § 853(p), if, by any act or omission of Defendant, property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold to or

deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the Defendant agrees to the forfeiture of any of his other real or personal property, up to the value of such unavailable assets.

<u>Waivers</u>: In entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that

may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

### 5. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The recommendations in Part 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

### 6. WAIVER OF APPEAL

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum recommendation allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

## 7. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 8. PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 9. SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10.  ACCEPTANCE OF AGREEMENT BY DEFENDANT

The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

|  |  |
|---|---|
|  | BARBARA L. MCQUADE<br>United States Attorney |
| _____<br>DAWN N. ISON<br>CHIEF, DRUG TASK FORCE UNIT<br>ASSISTANT UNITED STATES ATTORNEY | _____<br>CHRISTOPHER GRAVELINE<br>ASSISTANT UNITED STATES ATTORNEY<br><br>_____<br>DOUGLAS SALZENSTEIN<br>ASSISTANT UNITED STATES ATTORNEY |

DATE: 9/26/2013

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____
JAMES THOMAS
ATTORNEY FOR DEFENDANT

DATE: 9/27/13

_____
DAVID JURADO
DEFENDANT

| Defendant: | David JURADO | Count: | Three |
| --- | --- | --- | --- |
| Docket No.: | 11-20699 | Statute(s): | 21 USC §§ 846, 841(a) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
| --- | --- | --- |
| 2D1.1 | relevant conduct - marijuana equivalent of approximately 36,262 kg (approximately 168 kg cocaine, 2,662 kg of marijuana) | 38 |
| 2D1.1(b)(16) | safety valve | -2 |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**36**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*  [x]

*If the defendant has no criminal history, check this box and skip Worksheet C.*  [x]

Rev. 8/2010

| Defendant: | David JURADO | Count: | Three |
|---|---|---|---|
| Docket No.: | 11-20699 | Statute(s): | 21 USC §§ 846, 841(a) |

# WORKSHEET D  (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

   `36`

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**

   `-3`

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   `33`

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   `I`

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

   a. <u>Total Offense Level</u>: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. <u>Criminal History Category</u>: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   `135-168 months`

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

   `months`

Rev. 8/2010

| Defendant: | David JURADO | Count: | Three |
|---|---|---|---|
| Docket No.: | 11-20699 | Statute(s): | 21 USC §§ 846, 841(a) |

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION** (U.S.S.G. ch. 5, pt. B)

    a. <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

    [✓] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    [ ] 2. No more than 3 years (total offense level < 6).

    c. <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE** (U.S.S.G. § 5C1.1(c)(2), (d)(2))

    [✓] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT** (U.S.S.G. ch. 5, pt. C)

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

Rev. 8/2010

| | |  | |
|---|---|---|---|
| Defendant: | David JURADO | Count: | Three |
| Docket No.: | 11-20699 | Statute(s): | 21 USC §§ 846, 841(a) |

**(WORKSHEET E, p. 2)**

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

[✓] 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[ ] 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ] 4. The statute of conviction requires a minimum term of supervised release of ___ months.

c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

[ ] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

[ ] 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $___.

[ ] 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

[ ] 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[✓] 5. Restitution is not applicable.

Rev. 8/2010

| | | | |
|---|---|---|---|
| Defendant: | David JURADO | Count: | Three |
| Docket No.: | 11-20699 | Statute(s): | 21 USC §§ 846, 841(a) |

(WORKSHEET E, p. 3)

## 6. FINE (U.S.S.G. § 5E1.2)

### a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

### b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $ 20,000 | $ 10,000,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

- $100.00 for every count charging a felony ($400 for a corporation)
- $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $  5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100 .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X] Assets of the defendant will be forfeited.         [ ] Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

Rev. 8/2010